Okay, the last case on today's calendar is United States v. Blanding. Mr. Koch for Mr. Blanding. I see you reserved three minutes. You can begin whenever you're ready. Thank you, Your Honor. Good morning, Your Honors. Mr. Gordon, may it please the Court. Oh, I'm sorry. Yes, go ahead. Okay, thank you. I represent Dimitri Blanding. He is number 16 in a 16 individual indictment. A very serious legal indictment. I think six or seven of the defendants were death penalty eligible. There were a lot of murders, a lot of very serious charges. He's the only one that's out on bond of those 16 people. He's the only one that is claiming that, as to him, it was a sham prosecution. So, in essence, our claim is that the State of Connecticut, the Waterbury Police, in fact, used this ongoing, very serious federal investigation and put Mr. Blanding at the very bottom of the list for an arrest, just to arrest him and tell him that he's now charged in this huge RICO murder conspiracy racketeering case to scare him. So that's the essence of the claim. And as you know, the other underlying facts are under seal. But would you concede that if Blackburger applies to this situation, that these are not the same offenses for purposes of Blackburger, right? There's different elements. There are different dates.  So your argument to us is that we should not apply Blackburger in this situation? Yes, that's it. How can that be? What authority is there that in the dual sovereignty context, that we apply some other same-ax test? I think you're, right, that's what you're proposing, that we apply some same-ax test and not Blackburger? I think what I'm saying, Your Honor, Blackburger applies, would apply in most double jeopardy cases. It would apply if the state tried to prosecute somebody twice. But our position is that... We've applied Blackburger in dual sovereignty cases involving state and federal. And for example, in Nelson, we said, assuming, I guess we assumed, assumed that the defendant's state and federal prosecution satisfied the same elements test for double jeopardy established in Blackburger, the Barkas exception doesn't apply. In Archer, we said, apart from the dual sovereignty doctrine, the case might come within the formulation of Blackburger. But it's unnecessary to decide the issue because the dual sovereignty doctrine was fatal to the claim. So we've suggested over and over again that in the dual sovereignty contest, the test is still Blackburger. In fact, in Dixon, the Supreme Court said it is embarrassing to assert that the single term same offense would have different meanings in different contexts. But that's what you're suggesting, that it means something different in the dual sovereignty contest than in when it's the state operating twice on its own. Yes. Dixon didn't involve... Dixon wasn't dual sovereignty, I don't believe. But the case you cited, Your Honor, Nelson, I believe that supports our position because in Nelson, they actually dealt with substantively the facts of the claim. They couldn't prove it. I know, but they assumed that they assumed for purposes that it wouldn't be the same offense under Blackburger. Like courts do that. You cite other cases where that has been done. The Fifth Circuit case that you cite is the same thing. The Fifth Circuit, you know, the government was arguing that they were not the same offenses under Blackburger. Said we'll assume that, you know, you lose anyway. So I don't understand why that's not a permissible thing for a district court to do. If they find that it's not the same offense, to just stop because it doesn't matter whether Barkas applies or not. Because you never get to the substantive. I believe that people have a due process substantive right to not be prosecuted by a sham prosecution. So all we're asking for is a hearing on that, which they basically got in Angleton and the Fifth Circuit. But if it's not the same offense, we're not talking about double jeopardy doesn't come into play at all, right? When you call it a sham prosecution, you're upset that potentially that the federal and the state prosecutors worked together to bring this case federally, right? I am upset. But if it's not, if it's totally different offenses, it's not a double jeopardy problem, even if that's true. I suppose it was two totally different drug transactions, completely different, right? You can't say it's a sham prosecution. It has to be the same offense for double jeopardy to matter at all. I don't think so, Your Honor. I think in – first of all, in Barkas where they established the sham exception, it's an exception to the dual sovereignty doctrine. They didn't limit it and say, oh, but you have to satisfy Blockberger. But Barkas is an exception. It says there's double jeopardy, and normally it's not double jeopardy if it's a federal and state offense can occur at the same time. Okay? But the question that leads to whether there should be a Barkas hearing is whether there's an exception to allow. And if you're correct, then what you're saying is that any time anyone is charged federal or state, in both a federal and state case, that there has to be a hearing like this. And that can't be because – especially in this case when it's not even the same offense. I think if you – if a sham – to not be prosecuted by a sham prosecution. So if Judge Dooley is right and the government is right and you're right and you disaffirm that, we're going to go back to the district court never knowing if this was a sham. Aren't you really talking about malicious prosecution? I'm talking about – Which is different than allowing – you know, applying an exception to double jeopardy. Not really, Your Honor. I look at Abbott – it's the dual – two sovereigns. He was charged in state court. The federal government picked the case up. Barkas says the only exception to dual sovereignty is a sham prosecution. In my experience, and I'm going over this with Mr. Blanding, we think it's a sham prosecution. Well, that's not the only exception, right? If it's not the same offense, then the allowing dual prosecution in federal state doesn't even apply. What case do you have anywhere in the United States of America where a court in the dual sovereign contest has said we're going to discard the Blockberger test and we're going to apply some other test to determine whether it's the same offense or not? There's never been such a case. Well, I mean in all assets, this court, they looked at the merits of the sham prosecution. I don't – but again, we just – In Nelson – We just skipped because the same offense issue was not briefed below. Judge Calabresi specifically referenced that in the decision, saying for whatever reason the parties didn't focus on same offense. So then in all assets, we just focused on this Barkas issue. That doesn't mean that there is no same offense test. It just means for whatever reason in that case the parties didn't argue that or brief that. No, I think by the argument that I have, the main argument I have is that, like I said a few minutes ago, if we go back, if we lose, we'll never know if this really was a sham prosecution. And is that really – I don't think there's any case where actually that would say that, where you weren't allowed to raise a sham prosecution claim. Because in Nelson, the Second Circuit addressed it and said you don't have a sham. It's not a sham prosecution. You don't have the facts. In Angleton, they said you don't have the facts. Here, no judge is ever going to know what the facts are if we don't get a hearing. So maybe it's a little bit different than any case that's ever come before. I don't think there's any case that ever said – Nobody is saying if it's the same offense, then you would have a hearing on the Barkas. It's not that you can never get a Barkas hearing. If it's the same offense, that's when you get the Barkas hearing. But anyway, we understand your arguments, and you have three minutes in rebuttal. We'll hear from the government. May it please the Court. Daniel Gordon, Counsel on Appeal for the United States. The Double Jeopardy Clause of the Fifth Amendment prohibits successive prosecutions for the same offense. For more than a century, the United States Supreme Court has defined that term, offense, by means of the same elements or Blockberger test. Mr. Blanding, put simply, takes issue with this test. He would like a hearing on whether Barkas applies, but the Court gets to decide the grounds on which this case is decided, not Mr. Blanding. And here, the law is clear that Blockberger applies. And in fact, in this case, the criminal acts underlying his state conviction aren't even the subject of the federal charges pending against him. Accordingly, and for the reasons articulated in our brief, the District Court's denial of Blanding's motion to dismiss the indictment should be affirmed. And unless there are any questions, we'll rest on our brief. Thank you. All right, Mr. Koch, you have three minutes in rebuttal. Thank you. And... I mean, I don't need to be repetitive, so... All right. I know what you're saying about the same thing. It's tough to argue what you said. I just have to stick to my position that I don't see a case out there where someone claimed that it was a sham prosecution and they were denied the right to make that claim based on Blockberger. I think it should go right to the elements of a sham prosecution. And if there's a confusion here, it's because the Supreme Court didn't define really what a sham prosecution was. If it's a constitutional right not to be subject to a sham prosecution. So I'm just going to stick my argument that I think I'm entitled to a hearing even under United States v. Nelson, which is the Second Circuit case, and GPS, and I think that's it. So I'm just asking for a hearing. All right. Thank you. Thank you. Thank you both. We'll reserve decision and have a good day. That completes the business of the court. With thanks to our courtroom deputy, Ms. Moline, I would ask that court be adjourned. Court stands adjourned.